IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN HEMPHILL (22826-424),

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 18 C 3278

Judge Harry D. Leinenweber

# ORDER

The *Habeas Corpus* Petition, [1] which the Court construes as an unauthorized second or successive 28 U.S.C. § 2255 motion, is dismissed for want of subject matter jurisdiction. Any pending motions are denied as moot. The Clerk is instructed to: (1) terminate Respondent United States of America from the docket; (2) add A.M. Owens, Warden, MCC Chicago, as Respondent; and, (3) alter the case caption to *Hemphill v. Owens*. Civil Case Terminated.

# STATEMENT

Petitioner John Hemphill, a federal prisoner incarcerated at MCC Chicago, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241. He was convicted of mail fraud and false impersonation of a federal officer. *United States v. Hemphill,* 447 Fed. Appx. 733, 734 (7th Cir. 2011) (non precedential). He conducted a multi-year scheme claiming ownership of properties as a "receiver" for the federal government. *Id*. He filed fraudulent deeds with the Cook County Recorder of Deeds duping unsuspecting buyers into paying him for properties he had no

authority to convey. *Id.* His conviction was affirmed on direct appeal. *Id.* at 737. His 28 U.S.C. § 2255 motion was also denied. *United States v. Hemphill,* No. 13 CV 1426, 2014 WL 4460873 (N.D. Ill. Sept. 10, 2014).

Petitioner once again challenges his criminal conviction, this time by filing a habeas corpus petition. The present petition raises an issue previously litigated in his direct appeal regarding whether Petitioner made reference to nonexistent laws in his deeds and other documents as part of his scheme. The present petition argues these laws are in existence, and the prosecution's argument to the contrary at his trial wrongfully prejudiced him.

Traditionally, a federal prisoner must collaterally challenge his conviction through a § 2255 motion, but the prisoner may bring a habeas corpus petition under 28 U.S.C. § 2241 when a § 2255 motion is "'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

To show a § 2255 motion is inadequate or ineffective under § 2255(e) so that he can bring a § 2241 habeas corpus petition, the prisoner must demonstrate: (1) his petition is based on a rule of statutory law; (2) he is relying upon a retroactive decision that could not have been invoked in his original § 2255 motion; and (3) the sentence enhancement must have been grave enough to be deemed a miscarriage of justice. *Light v. Caraway,* 761 F.3d 809, 812-13 (7th Cir. 2014). Petitioner cannot meet this standard.

Petitioner's present argument does not demonstrate that the § 2255 motion is inadequate or ineffective. Consequently, his case must be dismissed as an unauthorized § 2255 motion.

The warning requirements of *Castro v. United States,* 540 U.S. 375 (2003), are inapplicable to this case because Petitioner previously litigated a § 2255 motion. *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Consequently, the Court must dismiss Petitioner's filing as an unauthorized second or successive § 2255 motion. *Melton,* 359 F.3d at 856-58. The case is dismissed.

The Court declines to issue a certificate of appealability. Petitioner cannot make a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this Court's resolution of Petitioner's claims. *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983))).

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See,* FED. R. APP. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See,* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See,* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See,* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year

after entry of the judgment or order. *See,* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See,* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See,* FED. R. APP. P. 4(a)(4)(A)(vi).

                                                 Harry D. Leinenweber, Judge
                                                 United States District Court

Dated: **6/12/2018**